IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **BILLY T. JOHNSON,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:05-0412** |
| | ) | **(Criminal No. 5:02-0140)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on May 17, 2005. (Document No. 214.) Movant has also filed a Memorandum in Support of his Motion. (Document No. 215.)[1] By Standing Order, this case was referred to the undersigned Magistrate Judge. (Document No. 217.)

Movant and Mr. Davide Hudson were charged by Indictment filed on June 19, 2002, with conspiring to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One) and distributing and aiding and abetting each other in distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Two through Six). (United States v. Johnson, Criminal No. 5:02-0140, Document No. 15.) On September 23, 2002, Movant pled guilty to the charges contained in Count Five of the Indictment. (Id., Document Nos. 87, 89, 145.) The District Court sentenced Movant on March 17, 2003, to a 100 month term of imprisonment and a three year

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

term of supervised release.[2] The District Court also imposed a $1,500 fine and a $100 special assessment. (Id., Document Nos. 115, 146.) Movant appealed his sentence. (Id., Document No. 118.) Movant's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.ed.2d 493 (1967), claiming that the District Court erred in refusing to grant him a two level reduction for being a minor participant in the conspiracy and in denying him a downward departure pursuant to U.S.S.G. § 4A1.3 because his criminal history category substantially over-represented the seriousness of his prior record. Movant did not file a *pro se* supplemental brief. The Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. United States v. Johnson, 97 Fed.Appx. 427 (4th Cir.(W.Va.) May 18, 2004).[3] Recently, the District Court has considered whether Movant qualified for a reduction of his sentence pursuant to the recent amendment to the United States Sentencing Guidelines and determined that he did not. (United States v. Johnson, Criminal No. 5:02-0140, Document No. 303.)

Movant claims that his trial and appellate attorneys were ineffective in representing him as follows: (1) though his trial attorney objected to a weapon enhancement at his sentencing and the District Court agreed, his offense level was nevertheless "enhanced through the Presentence Investigation Report calculation by two (2) points under relevant conduct for this same weapon" (Document No. 215, p. 3.); (2) "only through counsel's ineffectiveness was movant held accountable for more than seven (7) grams of cocaine at sentencing" (Id.); (3) Movant's appellate counsel failed to bring the above two matters to the Fourth Circuit's attention (Id.); (4) Movant's trial and appellate

---

[2] The Bureau of Prisons' Inmate Locator indicates that Movant is currently in custody at FCI Beckley and his projected release date is September 29, 2009.

[3] Movant did not seek review of the Fourth Circuit's decision in the United States Supreme Court.


counsel failed to object to enhancements mentioned above on the basis of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (Id., pp. 6 - 11.); and (5) "counsel's failure to adequately research the prevailing law at the time of movant's sentencing proceedings and/or direct appeal made movant's plea of guilty both unknowingly and unintelligently entered into" (Id., p. 10.).

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). *See* United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. *See*

United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. *See* Theodorou, *supra*, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691,

104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's

5

performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

### A. Offense Level Enhancement for Possession of Firearm.

Movant mistakenly asserts that due to ineffective representation of his trial attorney, he was sentenced based upon a two offense level enhancement for his possession of a firearm on March 14, 2000. While a two level enhancement was recommended in the Presentence Investigation Report (Document No. 194, ¶ 53.), Movant's counsel objected to it (Id., Addendum.) and raised the issue at Movant's sentencing (Document No. 146, pp. 3 - 4.). The District Court sustained the objection (Id., pp. 8 - 9.), and Movant's Offense Level was not enhanced for his possession of the firearm. (Id., pp. 14 - 15.) Movant's counsel clearly represented Movant effectively in this regard, and Movant's claim to the contrary is without merit.

### B. Relevant Conduct in Excess of Seven Grams of Cocaine Base.

The Presentence Investigation Report indicates that Movant's relevant conduct was determined on the basis of (1) five controlled purchases of a total amount of 6.02 grams of cocaine base between July, 2001, and May, 2002; (2) the seizure of one pound and two ounces of cocaine powder in a search of his residence on March 14, 2000; and (3) grand jury testimony of two confidential informants that they obtained a total amount of 3 ½ grams of cocaine base from him. (Document No. 194, ¶¶ 10 - 42.) Because Movant's relevant conduct included cocaine powder and cocaine base, the amounts were converted into their marijuana equivalency under the Guidelines, and Movant's relevant conduct was determined to be 302.46 kilograms of marijuana. (Id., ¶ 44.)

Under U.S.S.G. § 2D1.1, Movant's base offense level was 26. (Id., ¶ 52.) It does not appear that Movant's counsel disputed the calculation of Movant's relevant conduct in the Presentence Investigation Report. Movant's counsel indicated at sentencing that contesting it would make no difference. (Document No. 146, p. 4.) Movant's counsel was correct. Even if Movant's relevant conduct was held to the amount obtained in controlled purchases from him, 6.02 grams of cocaine base[4], his base offense level would have been 26 as offense level 26 is applicable when relevant conduct in the amount of at least 5 grams but less than 20 grams of cocaine base is proven. Clearly, Movant's counsel was not ineffective in failing to challenge the calculation of relevant conduct because it would not have made any difference in Movant's sentence to do so. Movant's claim in this regard therefore has no merit.

### C. Appellate Counsel's Failure to Challenge the District Court's Determinations Respecting the Offense Level enhancement for Possession of a Firearm and Relevant Conduct.

Claims of ineffective assistance of appellate counsel are examined under the same Strickland standards applicable to claims of ineffective assistance of trial counsel. When no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)(" When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) If there is no ineffective assistance

---

[4] Movant states in his Memorandum in Support of his Motion under Section 2255 that he "did admit to approximately seven (7) grams of cocaine . . .." (Document No. 215, p. 3.)

7

of counsel at the trial level, there can be no ineffective assistance of counsel on appeal for failure to raise the same issue. The undersigned has determined that there was no error or ineffective assistance of counsel at the trial level in the two respects which Movant asserts. There can therefore be no ineffective representation at the appellate level in those respects as Movant contends.

>   D.  **Trial and Appellate Counsel's Failure to Challenge the District Court's Determinations Respecting the Offense Level enhancement for Possession of a Firearm and Relevant Conduct Based Upon *Apprendi* and *Blakely*.**

The undersigned finds no ineffectiveness in Movant's trial and appellate counsel's failure to challenge the District Court's determinations on the basis of the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[5] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537.

Apprendi and Blakely did not apply because Movant's sentence did not exceed the maximum authorized by the facts established by his plea of guilty to violating 21 U.S.C. § 841(a)(1) and 18

---

[5] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

U.S.C. § 2, twenty years in prison. The Fourth Circuit reached this conclusion in considering Movant's co-Defendant Mr. Hudson's appeal. United States v. Johnson, 97 Fed.Appx. 427, 429 (4th Cir.(W.Va.) May 18, 2004) ("Apprendi is inapplicable to this case, as Hudson pleaded guilty, and his twenty-year sentence did not exceed the statutory maximum under § 841(b)(1)(C).") Movant's assertion of ineffective assistance of counsel on this basis is therefore without merit.

### E. Ineffective Assistance of Trial Counsel Affecting the Voluntariness of Movant's Plea.

Generally, a guilty plea acts is a complete admission of factual guilt and therefore waives any constitutional violation associated with the determination of guilt. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant."North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a defendant pleads guilty, he cannot raise independent claims of deprivation of constitutional rights which occurred prior to the entry of the guilty plea. Tollet v. Henderson, 411 U.S. 258, 266 - 67, 93 S.Ct. 1602, 1607 - 08, 36 L.Ed.2d 235 (1973). Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); *see also* Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. *See for example* Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady

that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

Having examined the letter-form plea agreement (United States v. Johnson, Criminal No. 5:02-0140, Document No. 87.), the transcript of Movant's plea hearing (Id., Document No. 145.) and Movant's written plea of guilty (Id., Document No. 89.), the undersigned finds nothing indicating that Movant was uninformed or misinformed respecting his entry of his guilty plea or his possible sentence or that he was otherwise induced in any way to plead guilty to the charges contained in Count Five of the Indictment. Rather, the record in this case reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (Id., Document No. 87, ¶ 3.) The written plea agreement provided that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises, and will make no recommendation, as to a specific sentence." (Id., ¶ 9.) Movant and his counsel appeared for a hearing upon Movant's agreement to plead guilty on September 16, 2002, and Movant expressed reluctance in entering a guilty plea. (Id., Document No. 145, pp. 2, 7.) The District Court allowed a continuance of the proceedings to allow Movant to discuss entering a guilty plea further with his attorney and scheduled a further hearing on September 23, 2002. (Id., p. 8.) Movant decided to plead guilty and did so on September 23, 2002. (Id., p. 18.) During the hearing, the District Court explained the nature of the charges to which Movant was pleading guilty and the consequences of doing so (Id., pp. 20 - 22.), informed Movant of the maximum sentence to which he was subject (Id., pp. 27 - 29.), elicited Movant's acknowledgment that he knew that his sentence was in the Court's discretion (Id., pp. 29 - 30.), informed Movant of the constitutional rights which

10

he was waiving in pleading guilty (Id., pp. 31 - 34.), and found that Movant's plea was voluntary (Id., p. 35.). In view of the record, the undersigned finds nothing even remotely indicating that Movant's guilty plea may have been involuntary as a consequence of ineffective assistance of counsel or any other circumstance, and in his claim in this regard has no merit.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C.§ 2255. (Document No. 214.) and remove this matter from the Court's docket.

The Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Movant, who is acting *pro se,* in these proceedings, and counsel of record.

Date: June 16, 2008.

R. Clarke VanDervort
United States Magistrate Judge

12